IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| **GLACIER ELECTRIC COOPERATIVE, INC., BRIAN ELLIOTT, WILLARD HJARTARSON, JIM NEWMAN, DARROL BERKRAM, ZITA BREMNER, MILES LEWIS, DAVE LOSING, and JAMES TAYLOR**, in their official capacities as directors of Glacier Electric Cooperative, Inc., and **DAN BREWER**, in his official capacity as Interim General Manager of Glacier Electric Cooperative, Inc.<br><br>          Plaintiffs,<br>  vs.<br><br>**FLOYD "BOB" GERVAIS et al,**<br><br>          Defendants. | CV 14-75-GF-BMM<br><br><br><br><br><br>ORDER |

## I. SYNOPSIS

The plaintiff, Glacier Electric Cooperative, Inc., the individual directors of Glacier Electric Cooperative, Inc., and the interim general manager of the Glacier Electric Cooperative, Inc. (collectively "Glacier Electric"), have sought relief, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, from this Court's Order Granting Defendant's Motion to Dismiss. (Docs. 12). The defendants,

1

individual members of Glacier Electric Cooperative, Inc. (collectively "Cooperative Members"), oppose the motion. (Doc. 14).

## II. JURISDICTION AND VENUE

The Court possesses jurisdiction under 28 U.S.C. § 1331. Blackfeet Tribal Court jurisdiction over Glacier Electric presents a federal question. *Plains Commerce Bank v. Family Land & Cattle Co.*, 554 U.S. 316, 324 (2008).

Venue is proper under 28 U.S.C. § 1391(b). The corresponding tribal court suit currently remains venued in Blackfeet Tribal Court. The Blackfeet Tribal Court is located in Glacier County, Montana. Glacier County lies within the Great Falls Division of the District of Montana.

## III. FACTUAL AND PROCEDURAL BACKGROUND

Glacier Electric Cooperative, Inc. is a non-profit corporation headquartered in Cut Bank, Montana. (Doc. 1 at 3). Glacier Electric serves as the sole provider of electricity to the Blackfeet Reservation. (Doc. 3 at 2). The individual plaintiffs serve on Glacier Electric's Board of Trustees (Doc. 1 at 4-6). The Cooperative Members are qualified voters of Glacier Electric Cooperative, Inc., they are enrolled in the Blackfeet Tribe, and reside they on trust land. *Id.*

The Cooperative Members filed a complaint against Glacier Electric in Blackfeet Tribal Court on August 6, 2014, and Glacier Electric moved to dismiss the complaint. (Doc. 1-3). Glacier Electric filed a Complaint for Declaratory Relief and

Injunctive Relief with this Court on October 17, 2014. (Doc. 2). The Cooperative Members filed a Motion to Dismiss on December 22, 2014. (Doc. 3). Glacier Electric opposed this motion. (Doc. 6).

This Court issued an Order, on April 24, 2015, granting Defendant's Motion to Dismiss. The Court dismissed the complaint without prejudice for failure to exhaust tribal court remedies. (Doc. 10). The Blackfeet Tribal Court issued an Order on May 26, 2015, in which it determined that the Blackfeet Tribal Court possessed jurisdiction over the claim filed in Blackfeet Tribal Court. (Doc. 14 at 3-4).

## IV. STANDARD OF REVIEW

The Court may, on motion and just terms, relieve a party from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b). A court reviews the denial of Rule 60(b) motions for an abuse of discretion. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006). A district court's order denying a Rule 60(b) motion will be reversed only if the court fails to "apply the correct law, rests its decision on a clearly erroneous finding of a material fact, or applies the correct legal standard in a manner that results in an abuse of discretion." *Id.*

## V. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(1) allows a party to request the reopening of his case under a limited set of circumstances. *Wood v. Ryan*, 759 F.3d 1117, 1119-20 (9th Cir. 2014) cert. denied, 135 S. Ct. 21 (2014). The party seeking relief must show "extraordinary circumstances justifying the reopening of a final judgment." *Id.* (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Rule 60(b) motions should be used "sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993).

The Ninth Circuit has recognized that an error of law provides a cognizable basis for a Rule 60(b) motion. *Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982). A court's legal error by itself, however, does not warrant the application of Rule 60(b). *Plotkin v. P. Tel. and Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982). A court of appeals typically can remedy a legal error committed by a district court. *Id.* A motion under Rule 60(b) should not be used merely to reiterate arguments already presented. *Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995).

A district court in *Plotkin* denied plaintiff's motion for preliminary injunction on the basis that the plaintiff's failure to exhaust administrative remedies had deprived the court of jurisdiction. *Plotkin*, 688 F.2d at 1292. The defendant moved for summary judgment while the appeal on the issue of injunctive relief remained

pending before the Ninth Circuit. The district court granted summary judgment due to the plaintiff's failure to exhaust administrative remedies. *Id.* The plaintiff chose not to appeal. *Id.* The time for appeal expired on the order granting summary judgment. *Id.*

The Ninth Circuit finally ruled on the appeal from the district court's denial of injunctive relief. The Ninth Circuit decided that the plaintiff was not required to have exhausted administrative remedies. *Id.* Plaintiff then filed a Rule 60(b) motion to vacate the district court's order granting summary judgment. *Id.*

The Ninth Circuit upheld the district court's denial of plaintiff's Rule 60(b) motion. The Ninth Circuit determined that "the motion was not timely and [plaintiff] made a conscious election not to appeal the summary judgment order." *Id.* at 1293. The district court reasoned that the filing of the motion 48 days after the order had been entered, and after the expiration of the time to file appeal, rendered it untimely. *Id.* at 1293 n. 2. The Ninth Circuit agreed. *Id.* Relief still would not have been appropriate under Rule 60(b), however, even if the motion to vacate had been timely. The Ninth Circuit noted that "allowing motions to vacate . . . after a deliberate choice has been made not to appeal, would allow litigants to circumvent the appeals process and would undermine greatly the policies supporting the finality of judgments." *Id.* at 1293.

# VI. DISCUSSION

Glacier Electric alleges that the Court based its Order on mistakes of law because the Order: (1) applied *Grand Canyon Skywalk Development v. Sa Nyu Wa, Inc.*, 715 F.3d 1196 (9th Cir. 2013), when it was not applicable to the facts of the case; (2) did not apply the Blackfeet Tribal Code; (3) wrongfully determined that the two exceptions under *Montana v. United States,* 450 U.S. 455, 565 (1981) had been satisfied; and (4) did not apply a specific standard of review to Defendant's Motion to Dismiss. (Doc. 13 at 2).

**A.** ***Grand Canyon Skywalk Development***

This Court's Order cites *Grand Canyon Skywalk Development* for the proposition that Glacier Electric's actions amount to an intrusion on the Blackfeet Tribe's right to exclude, regardless of the status of the land underlying the dispute. (Doc. 10 at 9). Glacier Electric seeks to distinguish *Grand Canyon Skywalk Development* on the ground that Glacier Electric's conduct at issue here did not occur on tribal land, unlike the conduct of the non-Indian party in *Glacier Canyon Skywalk Development.* (Doc. 13 at 6-8).

Glacier Electric did not attempt to distinguish *Glacier Canyon Skywalk Development* in its Response to the Cooperative Members' Motion to Dismiss. (Doc. 6). Even if the application of *Glacier Canyon Skywalk Development* were to represent

legal error, it does not constitute "extraordinary circumstances" that would justify the reopening of a final judgment. Glacier Electric may seek remedy through appeal.

### B. Blackfeet Tribal Court

Glacier Electric argues the Blackfeet Tribal Code establishes that the Tribal Court lacks jurisdiction over those who are non-Indians. (Doc. 13 at 5). The Court addressed this argument in its Order. (Doc. 6 at 8-10; Doc. 10 at 6). The Order recognizes that Glacier Electric is a non-tribal corporation and a non-member of the Blackfeet Tribe for purposes of jurisdiction. This Court stated that "the Cooperative Members [do not] possess a colorable claim of tribal court jurisdiction based on the membership status of the parties." (Doc. 10 at 6). This Court determined instead that the Blackfeet Tribe's inherent regulatory authority over tribal land provided a colorable basis for jurisdiction. (Doc. 10 at 11). Glacier Electric's argument that the Blackfeet Tribal Code provides no jurisdiction based on its non-Indian status fails to qualify as appropriate basis for a Rule 60(b) motion. Furthermore, after this Court issued its Order, the Blackfeet Tribal Court issued an Order which determined that the Blackfeet Tribal Court indeed possessed jurisdiction over the matter. (Doc. 14 at 3-4).

### C. The *Montana* Exceptions

The first *Montana* exception provides Indian tribes inherent sovereign power to exercise some forms of civil jurisdiction over non-Indians on their reservations where

7

non-members enter into consensual relationships with the tribe or its members. *Montana v. United States,* 450 U.S. 455, 565 (1981). The second exception under *Montana* provides for tribal civil jurisdiction over non-Indians where the non-Indian activity threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe. *Id.* Glacier Electric previously argued that the Cooperative Members had failed to satisfy the *Montana* exceptions. (Doc. 6). Glacier Electric raises the same argument now. (Doc. 13 at 9).

The Court needed only to determine whether jurisdiction was "plainly" lacking. The Court decided that the Cooperative Members had asserted a colorable claim of jurisdiction based on the *Montana* exceptions. (Doc. 10 at 9-11). Glacier Electric contends that the Court's application of the *Montana* exceptions presents an error of law. (Doc. 13 at 9). Glacier Electric argues that the first *Montana* exception applies only when the cause of action "actually arises from the relationship invoked for jurisdictional purposes." (Doc. 13 at 9-10). Glacier Electric argues that no colorable claim of tribal civil jurisdiction exists due to the fact that the lawsuit centers on Glacier Electric's Bylaws and the alleged action of its directors, rather than Glacier Electric's consensual contracts with tribal members. Glacier Electric further contends that the Court applied the second *Montana* exception too broadly as it was not intended to capture the "generalized threat that turning electricity off poses for any society." (Doc. 13 at 11-12).

8

The Court already has addressed Glacier Electric's argument regarding the *Montana* exceptions. This argument cannot form an appropriate basis for a Rule 60(b) motion. The alleged misapplication of the *Montana* exceptions fails to constitute "extraordinary circumstances justifying the reopening of a final judgment." *Wood*, 759 F.3d at 1119-20. Appeal provides the appropriate remedy.

**D. Standard of Review**

Glacier Electric argues in its Rule 60(b) motion, as it did in its brief opposing the motion to dismiss, that the Cooperative Members failed to set forth the standard of review that should govern its motion to dismiss. (Doc. 13 at 12; Doc. 6 at 3-4). Glacier Electric also argues that this Court made its Order pursuant to Federal Rule of Civil Procedure 12(b)(1), and, therefore, this Court should have applied the "factual" or "facial" challenge standards. (Doc. 13 at 12). The Court dismissed the Complaint for failure to exhaust tribal court remedies. (Doc. 10 at 12).

The Court must dismiss or abstain from adjudicating any claim over which a tribal court possesses "colorable" jurisdiction when a party has failed to exhaust tribal court remedies. *Atwood v. Fort Peck Tribal Ct. Assiniboine*, 513 F.3d 943, 948 (9th Cir. 2008). The exhaustion requirement represents a prerequisite to federal court jurisdiction. *Grand Canyon Skywalk Development*, 715 F.3d at 1200. The Court may relieve a non-Indian from the duty to exhaust all tribal court remedies only where it determines tribal court jurisdiction to be "plainly" lacking. *Strate v. A-1 Contractors*,

520 U.S. 438, 459 n. 14 (1997). This Court determined that the Blackfeet Tribal Court did not "plainly" lack jurisdiction, and, therefore, declined to excuse Glacier Electric from the requirement to exhaust tribal court remedies. (Doc. 10 at 12). This final claim fails to provide an appropriate basis for a Rule 60(b) motion in light of the fact that the Court already reviewed and addressed Glacier Electric's standard of review argument.

## VII. CONCLUSION

A party may be granted relief from a judgment under Federal Rule of Civil Procedure 60(b)(1) upon showing "extraordinary circumstances justifying the reopening of a final judgment." *Wood*, 759 F.3d at 1119-20. A Rule 60(b) motion should not be used merely to reiterate previously presented arguments. *Maraziti*, 52 F.3d at 255. The arguments Glacier Electric presents in support of its Rule 60(b) motion do not present extraordinary circumstances that would support relief under Rule 60(b).

**IT IS HEREBY ORDERED** the plaintiff Glacier Electric's Rule 60(b) Motion (Doc. 12) is DENIED.

DATED this 15th day of September, 2015.

_____
Brian Morris
United States District Court Judge